FILED
2021 Jan-04  PM 12:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN CARTER, individually, and on behalf of all similarly situation persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 2:20-cv-01700-SGC |
| BANKHEAD TOWERS APARTMENTS, LTD, LLC, et al, | ) ) ) | |
| Defendants. | ) | |

## **ANSWER TO AMENDED COMPLAINT**

**COME NOW** Defendants, Bankhead 2192 AL LLC and Millennia Housing Management LTD, and for Answer to the Plaintiff's Amended Complaint, and to each count and paragraph thereof, set forth and assign the following defenses, separately and severely:

## **FIRST DEFENSE**

Responding to the allegations of the Plaintiff's Complaint, paragraph by paragraph, these Defendants respond as follows:

1.    These Defendants admit the allegations of this paragraph.

2.    These Defendants admit the allegations of this paragraph.

3.    These Defendants admit the allegations of this paragraph.

4. These Defendants deny the allegations of this paragraph and demand strict proof thereof.

5. These Defendants admit the allegations of this paragraph as they relate to Bankhead 2192 AL, LLC, but otherwise deny the allegations of this paragraph.

6. These Defendants admit the allegations of this paragraph as they relate to Millennia Housing Management, LTD, but otherwise deny the allegations of this paragraph.

7. These Defendants do not contest venue at this time.

8. These Defendants deny the allegations of this paragraph.

9. These Defendants deny the allegations of this paragraph.

1. These Defendants admit that Bankhead 2192 AL, LLC owns the building known as "Bankhead Towers," and that it is a multi-family apartment building located at the stated address. Otherwise, the allegations of this paragraph are denied.

2. These Defendants admit that Bankhead 2192 AL, LLC participates in the HUD Section 8 program and provides residences for low-income individuals. Otherwise, the allegations of this paragraph are denied.

3. These Defendants admit the allegations of this paragraph.

4. These Defendants admit that Millennia Housing Management, LTD is responsible for management and some, but not all, maintenance of the Bankhead Towers Building. Otherwise, the allegations of this paragraph are denied.

5. These Defendants admit the allegations of this paragraph.

6.    These Defendants say that the cited statutory provision speaks for itself and deny that the allegations fairly and accurately describe the cited provision.

7.    These Defendants admit that Bankhead 2192 AL, LLC receives Section 8 funding. Otherwise, the allegations of this paragraph are denied.

8.    These Defendants deny the allegations of this paragraph.

9.    These Defendants say that the allegations of this paragraph are too vague for these Defendants to admit the allegations, therefore, these Defendants must respectfully deny the allegations at this time and demand strict proof thereof.

10.    These Defendants say that the allegations of this paragraph are too vague for these Defendants to admit the allegations, therefore, these Defendants must respectfully deny the allegations at this time and demand strict proof thereof.

11.    These Defendants lack sufficient information to admit the allegations of this paragraph at this time, therefore, they must respectfully deny those allegations and demand strict proof thereof.

12.    These Defendants lack sufficient information to admit the allegations of this paragraph at this time, therefore, they must respectfully deny those allegations and demand strict proof thereof.

13.    These Defendants lack sufficient information to admit the allegations of this paragraph at this time, therefore, they must respectfully deny those allegations and demand strict proof thereof.

14.    These Defendants admit that Carter has on occasion claimed that there

3

were bed bugs in her apartment.  Otherwise, the allegations of this paragraph are denied.

15.    These Defendants deny the allegations of this paragraph.

16.    These Defendants deny the allegations of this paragraph.

17.    These Defendants deny the allegations of this paragraph.

18.    These Defendants deny the allegations of this paragraph.

19.    These Defendants deny the allegations of this paragraph.

20.    These Defendants deny the allegations of this paragraph.

21.    These Defendants deny the allegations of this paragraph.

22.    These Defendants deny the allegations of this paragraph.

23.    These Defendants deny the allegations of this paragraph.

24.    These Defendants deny the allegations of this paragraph.

25.    These Defendants deny the allegations of this paragraph.

26.    These Defendants deny the allegations of this paragraph.

27.    These Defendants deny the allegations of this paragraph.

28.    These Defendants adopt and incorporate their response to the preceding allegations of the Complaint.

29.    These Defendants deny that the Plaintiff's Complaint should be certified as a class action.

30.    These Defendants deny the allegations of this paragraph.

31.    These Defendants admit the allegations of this paragraph.

32.    These Defendants admit the allegations of this paragraph.

33. These Defendants deny the allegations of this paragraph.

34. These Defendants deny the allegations of this paragraph.

35. These Defendants deny the allegations of this paragraph.

36. These Defendants deny the allegations of this paragraph.

37. These Defendants adopt and incorporate their response to the preceding paragraphs of the Complaint.

38. These Defendants deny the allegations of this paragraph.

39. These Defendants adopt and incorporate their response to the preceding paragraphs of the Complaint.

40. These Defendants deny the allegations of this paragraph.

41. These Defendants adopt and incorporate their response to the preceding paragraphs of the Complaint.

42. These Defendants deny the allegations of this paragraph.

43. These Defendants adopt and incorporate their response to the preceding paragraphs of the Complaint.

44. These Defendants deny the allegations of this paragraph.

45. These Defendants adopt and incorporate their response to the preceding paragraphs of the Complaint.

46. These Defendants say that the terms and conditions of the Lease Agreement speak for themself and deny that that quoted verbiage, which is taken out of context, fairly and accurately describes the obligations under the Lease.

47.   These Defendants deny the allegations of this paragraph.

48.   These Defendants adopt and incorporate their response to the preceding paragraphs of the Complaint.

49.   These Defendants deny the allegations of this paragraph.

50.   These Defendants deny the allegations of this paragraph.

51.   These Defendants admit the allegations of this paragraph.

52.   These Defendants say that the allegations of this paragraph are too vague, for these Defendants to admit the allegations, therefore, these Defendants must respectfully deny the allegations at this time and demand strict proof thereof.

53.   These Defendants say that the allegations of this paragraph are too vague, for these Defendants to admit the allegations, therefore, these Defendants must respectfully deny the allegations at this time and demand strict proof thereof.

54.   These Defendants deny the allegations of this paragraph.

55.   These Defendants say that the allegations of this paragraph are too vague, for these Defendants to admit the allegations, therefore, these Defendants must respectfully deny the allegations at this time and demand strict proof thereof.

56.   These Defendants deny the allegations of this paragraph.

57.   These Defendants deny the allegations of this paragraph.

58.   These Defendants adopt and incorporate their response to the preceding paragraphs of the Complaint.

59.   These Defendants say that fictitious party pleading is not proper in federal

court.

## SECOND DEFENSE

Except as admitted in the First Defense herein, these Defendants deny each and every material averment of the Plaintiff's Complaint and demand strict proof thereof.

## THIRD DEFENSE

Except as admitted in the First Defense herein, these Defendants say that they are not guilty of each and every material averment of the Plaintiff's Complaint and plead the general issue.

## FOURTH DEFENSE

These Defendants say that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

These Defendants plead contributory negligence as a defense.

## SIXTH DEFENSE

These Defendants plead the applicable statute of limitations as a defense.

## SEVENTH DEFENSE

These Defendants plead waiver as a defense.

## EIGHTH DEFENSE

These Defendants plead estoppel as a defense.

## NINTH DEFENSE

These Defendants plead the statute of frauds as a defense.

## TENTH DEFENSE

These Defendants plead lack of consideration as a defense.

## ELEVENTH DEFENSE

These Defendants say that the Plaintiff's Complaint fails to include necessary and indispensable parties.

## TWELFTH DEFENSE

These Defendants say that any alleged defect in the premises was open and obvious.

## THIRTEENTH DEFENSE

These Defendants deny that the Plaintiff was injured and/or damaged to the nature and extent claimed and contest injuries and damages.

## FOURTEENTH DEFENSE

These Defendants say that the Plaintiff has failed to mitigate any alleged injuries and/or damages.

## FIFTEENTH DEFENSE

These Defendants deny that the purported class is so numerous that joinder of all purported members is impractical.

## SIXTEENTH DEFENSE

These Defendants deny that there are common questions of law and/or fact pertaining to the purported class.

## SEVENTEENTH DEFENSE

These Defendants deny that the claims and/or defenses related to each member of the purported class are typical of the claims and defenses of the other members of the purported class.

## EIGHTEENTH DEFENSE

These Defendants deny that the Plaintiff can fairly and adequately protect the interest of the purported class.

## NINETEENTH DEFENSE

These Defendants say that questions of law and fact affecting individual members of the purported class predominate over any questions of law and/or fact common to the purported class.

## TWENTIETH DEFENSE

These Defendants deny that a class action is superior to other methods for fair and efficient adjudication of the controversy.

## TWENTY-FIRST DEFENSE

These Defendants say that the Plaintiff is not a member of the proposed class, which she purports to represent.

## TWENTY-SECOND DEFENSE

These Defendants say that the Plaintiff's purported class would require individual testimony by each purported class member with respect to their injuries and/or damages.

## TWENTY-THIRD DEFENSE

These Defendants says that they are entitled to an offset and/or credit for any compensation which the Plaintiff has received, or which the Plaintiff is entitled to receive as a result of her alleged injuries and damages.

## TWENTY-FOURTH DEFENSE

These Defendants say that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to these Defendants under the Constitution of the State of Alabama.

## TWENTY-FIFTH DEFENSE

These Defendants say that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to these Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-SIXTH DEFENSE

These Defendants say that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

10

## TWENTY-SEVENTH DEFENSE

These Defendants say that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to these Defendants under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and consequently, these Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## TWENTY-EIGHTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these Defendants punitive damages, which are penal in nature, yet compel these Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-NINTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against these Defendants punitive damages which are penal in nature, yet compel these Defendants to disclose potentially incriminating documents and evidence.

## THIRTIETH DEFENSE

These Defendants say that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## THIRTY-FIRST DEFENSE

These Defendants say that any award of punitive damages to the Plaintiff in this case will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide damages to the Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in Section 27-1-17, Code of Alabama 1975, as amended.

## THIRTY-SECOND DEFENSE

These Defendants assert any and all applicable statutory caps or limitations to any claim for punitive damages, including but not limited to Section 6-11-21, Code of Alabama 1975, as amended.

/s/ C. Peter Bolvig, Esq.
C. Peter Bolvig, Esq.  (ASB-1853-G55C)
Attorney for Defendants, Bankhead 2192 AL
LLC and Millennia Housing Management
LTD

**OF COUNSEL:**
Mudd, Bolvig, Luke & Wells, LLC
2011 4th Avenue North
Birmingham, AL 35203
205-639-5300
pbolvig@wmslawfirm.com

## THESE DEFENDANTS DEMAND TRIAL BY STRUCK JURY IN THIS CAUSE.

12

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of January, 2021, a copy of the foregoing was served on all counsel of record in this cause by on or more of the following in accordance with the Federal Rules of Civil Procedure:

Constantin Post
Rachael T. Scheznailder
Slocumb Law Firm, LLC
2 20th Street North, Suite 1320
Birmingham, Alabama 35203
cpost@slocumblaw.com
rachaels@slocumblaw.com

[X] AlaFile/CM-ECF electronic filing
[ ] E-mail, delivery receipt requested
[ ] U.S. Mail
[ ] Hand Delivery
[ ] Facsimile


/s/ C. Peter Bolvig
OF COUNSEL

13